No. 33701

Ex Parte                          §        In The 13th Judicial
                                  §        District Court of
Timothy James Washington          §        Navarro County, Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 2 ? 20??

Abel Acosta, Clerk

APPLICANTS OBJECTIONS TO FINDINGS OF FACT

AND CONCLUSIONS OF LAW

Grounds One and Two

Findings 13 and 14:

(A) Applicant objects to findings 13 and 14 on grounds that:

1.) Edward Strange at no time, either prior to trial or during trial, identified the Applicant as the "black male passenger" Strange claimed to have seen inside of Gorman's truck;

2.) On the morning of the burglary Edward Strange saw Applicant in Applicants yard speaking with police whom had Gorman detained in Applicants yard and Strange never mentioned to either of the several officers he was interviewed by that a black male was involved in any manner. (See-Applicants Memorandum, pgs. 3-5).

3.) Police left Applicants residence without arresting Applicant following their interviews with Edward Strange. (Id.)

(B) Findings 15, 16, and 17:

Applicant objects to findings 15, 16 and 17 on grounds that:

1.) Edward Strange admitted that it was possible for Gorman to move the safe by himself. (3 RR 115);

2.) Gorman told Deputy Bailey that he used a piece of carpet to move the safe to his truck. (4 RR 25) (See-State's Exhibit 55).

(C) Findings 18 and 19:

Applicant objects to findings 18 and 19 on grounds that:

1.) They are based on statements made by Gorman and are not independent, non-accomplice evidence.

## Ground Three

(D) **Finding 26:**

Applicant objects to finding 26 on grounds that:

1.) It inaccurately reflects the information contained in the judgement and is intentionally misleading. The judgement indicates that Applicant pleaded "True" to the enhancement paragraph. (CR 57).

2.) Finding 26 is proven false by finding 25, which accurately reflects that applicant "did not enter a plea of 'True'".

## Ground Four

(E). **Findings 29 thru 33:**

Applicant objects to findings 29 thru 33 on grounds that:

1.) Vicki Winningham (Juror 35) never stated that she would not give more credibility to the testimony of a law enforcement officer solely because he was with law enforcement;

2.) Seven venremembers were excluded based on challenges for cause for giving the exact same answer as Winningham. (See- 11.07 Application)--(Ground Four).

3.) Several police witnesses testified in support of the States case. (See-Applicants Memorandom, at pgs. 3-5).

## Ground Five

(F) Applicant objects to finding 34 on grounds that:

1.) It is misleading. Edward Strange never identified Applicant, either pretrial or at trial;

2.) Trial counsel opened the door to Gormans testimony that he went to Applicants home to purchase crack cocaine. (4 RR 29);

3.) The State emphasized that portion of Gormans testimony in its closing arguments. (5 RR 41);

4.) The State further argued that Ziplock baggies found in Applicants house was evidence that Applicant was a drug dealer. (5 RR 42-43);

5.) Trial counsel voiced no objections to the States argument concerning Applicant being a drug dealer. (Id.)

(G) <u>Finding 47</u>:

Applicant objects to finding 47 on grounds that:

1.) Trial counsel did not object on the basis of lack of notice. (See-
Court of Appeals Memo. Opinion at p. 14-15).

## CONCLUSIONS OF LAW

### Grounds One and Two

(A) <u>Conclusion 3</u>:

Applicant objects to conclusion 3 as follows:

1.) Applicant suffered egregious harm because:

a) The States closing argument was 14 pages long with 10 of those pages
covring what Gorman testified to. (See- Applicants Memorandom, Pg. 10);

b) The State conceded that "the only complete story that we get of the
burglary comes from Bobbie Gorman." (5 RR 45);

c) The jury was instructed that Applicant could be convicted based on
the conduct of Bobbie Gorman based on the law of parties. (CR 57);

d) The jury was never instructed that it could not convict Applicant
unless independent evidence tended to connect Applicant. (CR 57);

e) Trial counsel erroneously believed that the law of parties in-
struction was sufficient to instruct the jury on the accomplice
witness rule. (5 RR 10);

f) There was insufficient independent evidence tending to connect
Applicant to the burglary. (See- Applicants Memorandum, Pg. 7-8);

g) Trial counseld failure to have command of the accomplice wit-
ness rule constitutes deficient performance under Strickland.
See <u>Andrews v. State</u>, 159 S.W. 3d -98, 102 (Tex. Crim. App. 2005);

h) Trial counsels deficient performance prejudiced Applicant.
See <u>Smith v. State</u>, 332 S.W. 3d 425 (Tex. Crim. App. 2011)

## Ground Three

(B) <u>Conclusions 6 and 7</u>:

Applicant objects to conclusions 6 and 7 on grounds that:

1.) They are erroneous and disproved by the objective record. (See- Applicants Memorandum, p. 13-14);

2.) Applicants sentence is void. (See- <u>Ex Parte Rich</u>, 194 S.W. 3d 508 (Tex. Crim. App. 2006); <u>Turk v. State</u>, 867 S.W. 2d 883, 888 (Tex. App-Houston 1993).


## Ground Four

(C) <u>Conclusions 8 thru 10</u>:

Applicant objects to conclusions 8 thru 10 on grounds that:

1.) Juror 35, Vicki Winningham was not qualified to sit on the petit panel. (See- Applicants Memorandum, p. 14-16);

2.) Trial counsel failed to challenge Winningham for cause. (Id.);

3.) Trial counsels deficient performance prejudiced Applicant. See- <u>Roby v. State</u>, 970 S.W. 2d 1, 10 (Tex. Crim. App. 1998); See also - <u>United States v. Martinez-Salazar</u>, 120 S.Ct. 774, 782 (2000)


## Ground Five

(D) <u>Conclusions 11 and 12</u>:

Applicant objects to conclusions 11 and 12 on grounds that:

1.) It was objectively unreasonable for trial counsel to open the door to testimony by Gorman that Gorman went to Applicants home to purchase crack cocaine. See <u>Robertson v. State</u>, 187 S.W. 3d 475, 485 (Tex. Crim. App 2006);

2.) There was in fact a legal objection to be made to the States closing argument that Applicant was a drug dealer. See- Tex. Rules of Evidence 403, 404(b).


## Ground Six

(E) <u>Conclusions 13(a), (b), and (c)</u>:

Applicant objects to conclusions 13 (a), (b), and (c) on grounds that:

1.) Conclusion 13 (a) is clearly erroneous and unsupported by both the objective record of trial and the opinion issued by the Court of Appeals. Trial counsel **did not** object based on lack of notice. (3 RR 28-32) (Court of Appeals opinion, at p. 14-15);

2.) Conclusion 13 (b) is irrelevant to the fact that Applicant was denied his confrontation rights concerning the person whom Gorman claimed communicated threats against him and his family on behalf of the Applicant. The State introduced hearsay concerning those alleged threats. The State never introduced evidence that the person whose hearsay was introduced was unavailable. (See **Crawford v. Washington**, 541 U.S. 36,88 (2004);

3.) Conclusion 13 (c) is contradicted by the evidence and the law. Telling the jury that:
"[Applicant] is trying to deny responsibility. And he's trying to avoid any kind of consequences by threatening to harm Bobby Gorman or his family. I'm going to ask you, don't let that guy get away with two crimes by committing another one." (5 RR 56) Constitutes unfair prejudice that substantially outweighed any probative value. (See **Casey v. State**, 215 S.W. 3d 870 (Tex. Crim. App. 2007) see also - **Old Chief v. United States**, 519 U.S. 172 (1997).

(F) Conclusion of Law 16

Applicant objects to conclusion of law 16 on grounds that:

1.) The conclusion is contradicted by the objective record. The evidence concerning the alleged threat made by Applicant through a third party was introduced to prove the truth of the threats: "[Applicant] is trying to deny responsibility. And he's trying to avoid any kind of consequences by threatening to harm Bobby Gorman or his family." (5 RR 56).

**Wherefore, Premises Considered,** the habeas trial court's findings and Conclusions should be rejected, and relief should be granted based on the facts contained in the objective record, the evidence presented by Applicant, and the prevailing law of the Court of Criminal Appeals and the U.S. Supreme Court.

Dated: July 20, 2015                    by: _Timothy James Washington_
                                        Timothy James Washington

## CERTIFICATE OF SERVICE

I hereby certify that I mailed a true and correct copy of the foregoing to the Navarro County District Attorney's office by mailing such to his normal mailing address.

Dated: July 20, 2015                    by: _Timothy James Washington_
                                        Timothy James Washington
                                        TDCJ # 01764357
                                        Eastham Unit
                                        2665 Prison Road # 1
                                        Lovelady, Texas
                                        75851-5609